UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PALADINO,

                Petitioner,                Case Number: 5:07-CV-15257

v.                                       HON. JOHN CORBETT O'MEARA

JAN TROMBLEY,

                Respondent.

_____/

### OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Michael Paladino has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, pursuant to a conviction for conspiracy to deliver between 50 and 225 grams of cocaine. Respondent filed a Motion for Summary Judgment, contending that the petition was not timely filed. For the reasons which follow, the Court determines the petition was not timely filed and the petition is dismissed with prejudice.

**I.**

On November 5, 1992, Petitioner pleaded guilty to conspiracy to deliver between 50 and 225 grams of cocaine. On November 19, 1992, he was sentenced to 5 to 20 years' imprisonment.

Petitioner did not file a direct appeal of that conviction.[1] On August 10, 2006, he filed a

---

[1] Respondent states that Petitioner did file a direct appeal of that conviction. However, the direct appeal cited by Respondent references a different conviction rendered in Oakland County Circuit Court in case number 87-082563. *See People v. Paladino*, No. 234969 (Mich. Ct. App. Aug. 7, 2003).

motion for relief from judgment in the trial court. That motion was denied on November 13, 1996. *People v. Paladino*, No. 92-116026-FC (Oakland County Circuit Court Nov. 13, 2006).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied on May 21, 2007. *People v. Paladino*, No. 274704 (Mich. Ct. App. May 21, 2007). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was also denied. *People v. Paladino*, No. 134123 (Mich. Nov. 29, 2007).

Petitioner filed the pending petition for a writ of habeas corpus on December 5, 2007.

**II.**

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. Although Petitioner challenges a conviction rendered before 1996, the one-year statute of limitations applies to his petition because the petition was filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997).

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). In addition, the time during which a prisoner seeks state-court

collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner's judgment of sentence was entered on November 19, 1992. Petitioner did not file a direct appeal of his conviction. His conviction, therefore, became final on November 19, 1993, when the one-year limitations period for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired. *See* Michigan Court Rule 7.205(F). Petitioner's conviction became final before the AEDPA's effective date, April 24, 1996. Therefore, absent state collateral review, he was required to file his application for habeas corpus relief by April 24, 1997, to comply with the one-year limitations period. Petitioner sought state collateral review of his conviction by filing a motion for relief from judgment. However, Petitioner's motion was not filed until August 10, 2006, over nine years after the limitations period already had expired. Accordingly, the petition is untimely.

### III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). The Court concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will

have an intimate knowledge of both the record and the relevant law**,**'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

### IV.

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A).

Accordingly, **IT IS ORDERED** that the Respondent's Motion for Summary Judgment is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 2244(d)(1)(A).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                            s/John Corbett O'Meara
                                            United States District Judge

Date:  January 22, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 22, 2009, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager